IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SHAWN MARCUS HENDRICKS | ) Case No. 17-08599-RM3-7 |
| | ) |
| Debtor | ) |
| | ) |
| MID AMERICA MORTGAGE, INC. | ) |
| | ) |
| Secured Claimant | ) |

## SUPPLEMENTAL RESPONSE TO MOTION FOR RELIEF FROM STAY AND CROSS-MOTION TO DISALLOW CLAIM

*This Matter is currently set for a Preliminary Hearing on March 6, 2018*

Comes now the Trustee and supplements his Response (Docket #16) to the Motion for Relief from Stay filed by Mid America Mortgage, Inc. (Docket #14), and further cross-moves for the disallowance of the claim of Mid America Mortgage, Inc., under 11 U.S.C. §502, and would further state:

1. Mid America Mortgage, Inc. ("Claimant") has requested relief from the stay to foreclose on real property at 1919 Jose Way, Murfreesboro, Tennessee (the "Real Property").

2. The Trustee has responded to that Motion, asserting that he had not yet determined if there was equity in the Real Property.

3. Upon review of the documents filed by the Claimant, the Trustee now contests whether the Claimant has an allowable claim, within the meaning of 11 U.S.C. §502.

4. The documents supporting the claim of the Claimant (and attached to its motion) indicate the following:

   a. A Note was signed by the Debtor on November 6, 2014, with the payee listed as "Flagship Financial Group, LLC".

   b. Contemporaneously, on November 6, 2014, a Deed of Trust was granted to "Flagship Financial Group, LLC" in the Real Property.

   c. Further, on November 6, 2014, an "Allonge to Note" was executed by Flagship Financial Group, LLC, assigning the Note to "United Security Financial Corp."

   d. That "Allonge to Note" then has a blank endorsement, executed by the President of "United Security Financial Corp".

e. The original Note has not been presented, and there is no evidence that the Claimant has possession of the original Note.

f. A "Transfer and Assignment of Deed of Trust" was executed by "MERS", on behalf of the first holder of the Note, "Flagship Financial Group, Inc." to the Claimant on January 22, 2018 (post-petition) at a time when Flagship Financial Group. Inc." was not owed any money from the Debtor (the Note was assigned in 2014).

5. The above documents only prove that the original holder of the Note assigned a Deed of Trust, post-petition, to the Claimant, at a time that it did not hold the indebtedness.

WHEREFORE, the Trustee supplements his Response to the Motion for Relief from Stay, and moves that the claim of the Claimant be disallowed, and for such other and further relief as is just.

RESPECTFULLY SUBMITTED,

*/s/Robert H Waldschmidt*
**ROBERT H. WALDSCHMIDT** (#4657)
   Attorney for Trustee
P.O. Box 2828
Brentwood, TN 37024-2828
(615) 468-1020; (615) 259-2179 (fax)
rhw@rhwlawoffice.com

**Certificate of Service**

I hereby certify that a copy of the foregoing was sent to the below parties, via U.S. Mail, postage prepaid, on February 26, 2018.

Natalie Brown
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
nbrown@rubinlublin.com

and to all parties requesting electronic notice via the court's electronic filing system.

*/S/Robert H Waldschmidt*
ROBERT H. WALDSCHMIDT